T|W|G

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

March 27, 2009

**VIA ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Brady v. Wal-Mart Stores, Inc., et al.*,
            **E.D.N.Y. Docket No. 03-3843-cv (JO), Court of Appeals No. 06-5486-cv**

Dear Judge Orenstein:

As you know, we represent Plaintiff Patrick S. Brady ("Mr. Brady") in the above referenced action against his former employer, Defendant Wal-Mart Stores, Inc. ("Wal-Mart").

On July 2, 2008, the United States Court of Appeals for the Second Circuit issued a judgment confirming this Court's judgment in Mr. Brady's favor. On July 16, 2008, Mr. Brady filed a motion for appellate attorneys' fees with Court of Appeals, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. §1988, and Local Rule of Appellate Procedure 27(c). By Order dated October 30, 2008, the Court of Appeals determined that Mr. Brady should be granted attorneys' fees for defending the appeal from April 26, 2006 through July 15, 2008, but remanded to this Court to determine the appropriate hourly rate and amount of hours to be awarded, as well as the issue of post-judgment interest. After receiving copies of Mr. Brady's application for attorneys' fees to the Court of Appeals, as well as Wal-Mart's opposition thereto, Your Honor held a telephone conference with the parties on November 17, 2008, during which it was requested that Wal-Mart provide the Court with information regarding the time expended by its counsel on Wal-Mart's appellate briefs. Wal-Mart provided the Court with this information on November 21, 2008.

We write at this time to briefly call the Court's attention to a recent decision that bears upon the issue of post-judgment interest on attorneys' fees that is now pending before the Court.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. James Orenstein
March 27, 2009
Page 2

Specifically, although Wal-Mart's opposition to Mr. Brady's fee application argues that Mr. Brady is not entitled to post-judgment interest on attorneys' fees – purportedly because this Court's award of trial fees did not "specifically" address post-judgment interest, which the Court "specifically" awarded in connection with other elements of Mr. Brady's monetary judgment – the recent decision in *DB Structured Prods. v. Balt. Am. Mortg. Corp.*, No. 07 Civ. 4109 (DLC)(KNF), 2009 U.S. Dist. LEXIS 5227, at *28 (S.D.N.Y. Jan. 23, 2009), clarifies that a Plaintiff is "entitled to post-judgment interest on the award of attorneys' fees [and] costs" pursuant to 28 U.S.C. § 1961.  *Id.* (quoting *Gamble v. East Bronx N.A.A.C.P. Day Care Center, Inc.*, No. 04 Civ. 1198, 2008 U.S. Dist. LEXIS 39412, *7-8 (S.D.N.Y. May 15, 2008); *Alston v. Wall St. Garage Parking Corp.*, No. 03 Civ. 5418, 2004 U.S. Dist. LEXIS 9676, at *6 (S.D.N.Y. May 28, 2004) ("'plaintiff is entitled to post[-]judgment interest under 28 U.S.C. § 1961 on all sums awarded' including attorneys' fees, costs, and interest")).  Accordingly, Mr. Brady is entitled to post-judgment interest on any award of attorneys' fees at the rate of 3.39%, as previously calculated by this Court.  *See Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 217 (E.D.N.Y. 2006).

Respectfully submitted,

__/s/_____
Douglas H. Wigdor

cc:     Joel L. Finger, Esq. (via ECF)
        I. Michael Kessel, Esq. (via ECF)