**T|W|G**

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

December 19, 2009

**VIA ECF**

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Brady v. Wal-Mart Stores, Inc., et al.*,
    E.D.N.Y. No. 03-3843-cv (JO), 2d Cir. No. 06-5486-cv

Dear Judge Orenstein:

As you know, we represent Plaintiff Patrick S. Brady ("Mr. Brady") in the above referenced action against his former employer, Defendant Wal-Mart Stores, Inc. ("Wal-Mart").

On July 2, 2008, the Second Circuit Court of Appeals issued a published decision confirming this Court's judgment in Mr. Brady's favor.  On July 16, 2008, Mr. Brady filed a motion for appellate attorneys' fees with Court of Appeals, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205, the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. § 1988, and Local Rule of Appellate Procedure 27(c).  By Order dated October 30, 2008, the Court of Appeals determined that Mr. Brady should be granted attorneys' fees for defending the appeal from April 26, 2006 through July 15, 2008, but remanded to this Court to determine: (i) the appropriate hourly rate and amount of hours to be awarded; and (ii) Brady's entitlement to post-judgment interest on his attorneys' fee award.

Although Wal-Mart's opposition to Mr. Brady's fee application argues that Mr. Brady is not entitled to post-judgment interest on attorneys' fees – purportedly because Your Honor's fee award did not "specifically" provide for post-judgment interest – the district court's recent decision in *Kirk v. New York State Dep't of Educ.*, 08-CV-6016 (CJS), 2009 U.S. Dist. LEXIS 109937 (W.D.N.Y. Nov. 24, 2009), recognizes that "the majority position" in the Second Circuit is that a prevailing party is entitled to post-judgment interest on an attorneys' fee award, and, moreover, "that such interest should be calculated from the date

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Hon. James Orenstein
December 19, 2009
Page 2

of the judgment establishing the right to the award," rather than "from the date of the judgment establishing its quantum." *See id.*, at *12 (citing *Moran v. Sasso*, No. 05-cv-4716 (DRH/ETB), 2009 WL 1940785, at *7 (E.D.N.Y. Jul. 2, 2009) ("Courts within the Second Circuit routinely adhere to the 'majority rule' that post-judgment interest accrues from the date the party becomes entitled to the award of attorney's fees.")).

Accordingly, Mr. Brady respectfully requests that Your Honor direct Wal-Mart to make payment for post-judgment interest on any award of attorneys' fees at the rate of 3.39%, as previously calculated by this Court. *See Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 217 (E.D.N.Y. 2006).

Respectfully submitted,

Douglas H. Wigdor

cc:   Joel L. Finger, Esq.
      I. Michael Kessel, Esq.